United States District Court for the
Southern District of Illinois

Cortez Brown, #19294,

                Plaintiff,

vs.

Richard watson, Trinity service group, and David Marcowitz

                Defendant.

Civ. Action No. 21-cv-00138-JPG

**Defendant Trinity Services Group, Inc's Memorandum of Law in Support of its Motion for Summary Judgment**

Comes Now Defendant Trinity Services Group, Inc. (named as "Trinity Services Group," in Plaintiff's Complaint, hereinafter "Trinity"), by and through counsel, and for its Memorandum of Law in Support of its Motion for Summary Judgment, state as follows:

## Introduction

Plaintiff Cortez Brown (hereinafter "Plaintiff"), at the time of events related to the lawsuit, was an inmate lawfully incarcerated at St. Clair County Jail (hereinafter "SCCJ"). Plaintiff asserts that Trinity promulgated a policy to sell electronic cigarettes to inmates at SCCJ. This is false. The SCCJ maintains sole control over selling and distributing the tobacco products. Additionally, Plaintiff has failed to demonstrate that this policy was unconstitutional and that he suffered a harm as a result of the policy. Plaintiff has failed to carry his burden and Trinity is entitled to summary judgment.

## APPLICABLE LAW

*1) Summary Judgment*

FED. R. CIV. P. 56 controls summary judgment proceedings. "Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial... [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986), internal quotations omitted. "The judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial… [and] there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary

**2**

judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986), internal citations omitted.

In opposition to a motion for summary judgment, the non-moving party must support its assertion by either "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence…of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "The nonmoving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-248 (1986). As such, "the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment." *Barber v. Hosp. Corp. of Am.*, 977 F.2d 874-875 (4th Cir. 1992). Ultimately, the court must determine whether there is sufficient "evidence" on which the jury could reasonably find for the plaintiff." *Anderson*, 477 at 252.

2) *§1983 Claim*

The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L.Ed. 2d 811 (1994). To state a viable Eighth Amendment claim, an inmate must allege facts demonstrating that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) the acts or omission of the prison official(s) reflected deliberate indifference to his health or safety. *Id.* at 834. Deliberate indifference is shown when the prison

official(s) knew of and disregarded an excessive risk to the inmate's health or safety. *Id.* at 837.

However, under *Monell*, a corporation cannot be subjected to liability solely because injuries were inflicted by its agents or employees. Rather, a municipality or corporation can be liable under § 1983 only if the conduct alleged to be unconstitutional either "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 659, 98 S. Ct. 2018, 2019, 56 L. Ed. 2d 611 (1978).

## ARGUMENT

Trinity is entitled to summary judgment. The evidence is clear: Trinity did not promulgate a policy to sell tobacco products at SCCJ and, in fact, did not sell the products themselves to customers. All sales were handled by the SCCJ itself and merely processed through Trinity's banking software. The ability to sell tobacco products or develop a policy to sell tobacco products rested entirely in the hands of SCCJ. Additionally, Plaintiff has failed to show that the policy alleged is unconstitutional. Furthermore, if this Court finds that policy was unconstitutional, the Plaintiff has no admissible evidence that any harm came from the policy of

selling tobacco products. Lastly, if this Court finds that Trinity is not entitled to summary judgment, claims for punitive damages should be dismissed.

### 1) Trinity did not promulgate a policy of allowing electronic cigarettes at the SCCJ. This policy was solely promulgated by the SCCJ.

Under *Monell*, Plaintiff must adduce evidence that shows that Trinity promulgated the policy to allow e-cigarettes at the jail. He cannot. Plaintiff openly admits that he lacks the evidence to show that Trinity promulgated a policy of selling tobacco products. The admissible facts show exactly the opposite: SCCJ handled all ordering, charging, and distribution of the product for the purchaser. Plaintiff has no evidence to the contrary and all claims relating to this alleged promulgation of the policy should be dismissed.

Plaintiff claims that the electronic cigarettes were available for purchase through Trinity commissary. (See Statement of Uncontroverted Material Facts, filed contemporaneously with this memorandum, hereinafter "SUMF," ¶ 4). This is untrue. Neither Trinity nor Keefe sell tobacco products at the SCCJ. (SUMF ¶ 15). Plaintiff admitted that he has no knowledge of who made the decision to sell e-cigarettes at the facility and has no evidence to suggest that Trinity did promulgate the policy. (SUMF ¶ 7). Trinity does not and did not have the authority to promulgate policy at the SCCJ regarding e-cigarettes: only the SCCJ can promulgate such policies. (SUMF ¶ 11). Trinity's only involvement with the sales of e-cigarettes is the sales made at the SCCJ are processed through Trinity's banking software to facilitate and track the sale. (SUMF ¶ 12). The electronic cigarettes are

5

purchased directly by the SCCJ for sale to inmates, not by Trinity. (SUMF ¶ 13). The SCCJ handles all ordering, charging, and distribution of the purchased tobacco products. (SUMF ¶ 13). Individuals who wish to purchase an electronic cigarette from the SCCJ fill out a paper form, provide it to SCCJ personnel, and SCCJ personnel manually make an entry in Trinity's banking software to charge the purchaser for the products. (SUMF ¶ 14). Trinity could not have promulgated a policy of selling tobacco products since Trinity was not involved in the ordering, charging, and distribution of the purchased tobacco products. (SUMF ¶ 15).

The facts are clear. Plaintiff cannot marshal evidence to show that Trinity promulgated any policy allowing the sale tobacco products and Trinity's evidence is clear that it had no involvement. There is no admissible evidence showing anything but what occurred: SCCJ maintained sole control over selling and distributing the tobacco products. Plaintiff's claim fails as a matter of law: Trinity had no involvement in the decision to sell e-cigarettes at the SCCJ.

**2) Even if Trinity established a policy, the policy itself was unconstitutional. Furthermore, the Plaintiff has not proven that he experienced harm as a result of this policy.**

Plaintiff failed to show that even if Trinity promulgated the policy to sell tobacco products that the policy was unconstitutional. Additionally, Plaintiff has failed to provide evidence to support his allegation that the sale of e-cigarettes harmed him. Trinity is entitled to summary judgment.

A plaintiff must show that an official policy, however expressed, caused the constitutional deprivation. For *Monell* liability to attach, the plaintiff must first show that he or she was deprived of a constitutional right, and then that the deprivation was caused by a custom or policy or failure to implement a needed policy. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). Further, to the extent that the plaintiff is challenging a facially lawful policy, the plaintiff must provide evidence of a "pattern of similar constitutional violations resulting from the policy." *Helbachs Café LLC v. City of Madison*, 46 F.4th 525, 530 (7th Cir. 2022). If challenging an unconstitutional municipal practice or custom, the plaintiff must show "evidence that the identified practice or custom caused multiple injuries." *Id.*

Plaintiff claims that Trinity's policy to sell tobacco products led to secondhand exposure to e-cigarettes smoke which has caused him to develop migraines, sinus infections, breathing problems, tinnitus, dental infections, and high blood pressure. (SUMF ¶ 3). Plaintiff also blames secondhand vapor for the transmission of coronavirus at the Jail. (SUMF ¶ 3). However, Plaintiff has no evidence to support either of these claims. (SUMF ¶ 5, 6, 8). The Plaintiff has not demonstrated that the policy permitting the sale of tobacco products has infringed upon any federal right. No medical professional has informed Plaintiff that COVID spreads through the use of e-cigarettes. (SUMF ¶ 8). Additionally, the Plaintiff acknowledges that he never used an e-cigarette while incarcerated. (SUMF ¶ 9). Furthermore, the Plaintiff contends that there is no medical evidence or further

7

information to support the claim that he suffered harm from secondhand smoke caused by these e-cigarettes. (SUMF ¶ 10). Plaintiff has no evidence to support his claim.

The facts are clear. The Plaintiff cannot present evidence to demonstrate that the policy allowing the sale of tobacco products was unconstitutional. Plaintiff has not provided any evidence to establish that electronic cigarettes harmed him, as he did not use an electronic cigarette while incarcerated and has not adduced medical evidence showing that COVID was transmitted through the use of electronic cigarettes. Plaintiff has not adduced the necessary evidence to prove his claims.

## Conclusion

Trinity did not promulgate the policy to sell tobacco products. Plaintiff has no admissible evidence to the contrary. Trinity's employee testified that SCCJ maintains sole control over selling and distributing the tobacco products. Plaintiff admits he has no evidence of the contrary. Further, Plaintiff has failed to provide the any evidence to substantiate his assertion that the policy was unconstitutional or that he suffered harm as a result of the policy. Trinity is entitled to summary judgment.

WHEREFORE Defendant, Trinity Services Group, Inc., prays that Plaintiff's claims against them be dismissed; that summary judgment be entered in their favor; and for such other and further relief as the Court deems just and proper.

                Respectfully submitted,

                */s/ Alexander B. Chosid*
                Alexander B. Chosid
                TKC Holdings, Inc.
                1260 Andes Boulevard
                St. Louis, MO 63132
                Tel: (314) 216-2218
                Fax: (314) 213-1190
                Alex.Chosid@TKCHoldings.com

                *Attorney for Defendant*
                *Trinity Services Group, Inc.*

## **CERTIFICATE OF SERVICE**

     I, Alexander B. Chosid, hereby certify that on this **27th day of October, 2023,** a true and accurate copy of the foregoing was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance to date.

     I also certify that a true and accurate copy of the foregoing was served via Federal Express, postage prepaid, upon the following:

Cortez Brown, #05103-025
USP Thomson
P.O. Box 1002
Thomson, IL 61285

                */s/ Alexander B. Chosid*
                 Alexander B. Chosid