UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

CORTEZ BROWN,

                     Plaintiff,

vs.                          No. 3:21-cv-00138-JPG

RICHARD WATSON, TRINITY SERVICE
GROUP, AND DR. DAVID MARCOWITZ

                    Defendants.

### DEFENDANTS INITIAL CONSOLIDATED DISCOVERY REQUESTS

COMES NOW Defendant Trinity Services Group, Inc. (hereinafter "Trinity") by and through counsel, for its initial consolidated discovery requests to Plaintiff, states as follows:

### REQUESTS FOR ADMISSION

COMES NOW Trinity and serves the following Requests for Admission upon Plaintiff to be answered in accordance with Fed. R. Civ. P. 36, under oath:

1. Admit that you have no proof that Trinity intentionally sold electronic cigarettes to spread the COVID-19 virus.

RESPONSE: *I have no proof*

2. Admit that you have no proof that Trinity had a policy of selling electronic cigarettes that spread the COVID-19 virus.

RESPONSE: *I have no Proof*

3. Admit that you have no proof that Trinity was aware of any defect in the electronic cigarettes.

*I have no proof*

RESPONSE:

4. Admit that you have no proof that Trinity took any action to conceal the nature of its electronic cigarettes.

RESPONSE: I have no proof

5. Admit that you have no proof that Trinity has any control over the tobacco policy in place at the St. Clair County Jail.

RESPONSE: I have no proof

6. Admit that you have no proof that electronic cigarettes spread or assist in the spread of the COVID-19 virus.

RESPONSE: I have proof

7. Admit that you have no proof that you were injured directly as a result of Trinity's actions or inactions.

RESPONSE: I have Proof

8. Admit that you have no proof that you contracted COVID-19 as a result of the alleged policy to allow electronic cigarettes at the St. Clair County Jail.

RESPONSE: I have Proof

9. Admit that you have no proof that Trinity promulgated the alleged policy to allow electronic cigarettes at the jail.

RESPONSE: I have Proof

10. Admit that as a part of your purchase of electronic cigarettes that you waived your sight to sue Trinity for issues arising out of electronic cigarettes.

RESPONSE: I have no Proof

### INTERROGATORIES

COMES NOW Trinity and serves the following interrogatories upon Plaintiff to be answered in accordance with Fed. R. Civ. P. 33, under oath:

1. Identify each and every person whom you believe has information or knowledge that is relevant to the allegations contained in your Complaint in the above captioned action, provide his or her name, present or last known address, relationship to you (if any), a brief summary of the information or knowledge that he or she possesses, and whether you intend to call him or her as a witness at trial.

RESPONSE: you have a copy of the motion filed of every person an In incarcerated as well as everyone else we have no contact

2. Identify any and all statements that you have taken, given, received, or of which you have possession, whether written, oral, or recorded, concerning the events which underlie the allegations in your Complaint. For each statement you identify, provide the date and time on which it was given, the person who gave it, the person to whom it was given, and a brief summary of the statement.

RESPONSE: I have no documentations

3. Describe in detail each element of or claim for damages that you are seeking in this matter. For each element of or claim for damages that you describe:

   a. State the nature of the injury or damage;

Contracted Covid-19 as a result my respiritory system an thyroid glands was comprimised

3

b. State the monetary amount that you intend to seek in compensation for the injury or damage; $1,000,000

c. Describe the method of calculation that you used to determine that amount; and Based on similar lawsuits

d. Identify any facts, evidence, documents, or witnesses that you intend to introduce to prove your claims for damages.

RESPONSE: I've already disclosed my medical records

4. List all correctional facilities in which you have been incarcerated during your lifetime, including all halfway houses, jails, prisons, or other correctional facilities. For each, identify the name of the facility, the dates of incarceration, and the reason for the incarceration.

RESPONSE: ST. Clair County Jail, FCI Greenville IL, FCI Englewood Colorado, FCI Marion, FCI Milan, LOW Forrest City-Camp/Springfield Medical, USP Thomson

5. If you were ever arrested for a criminal offense, regardless of severity, list the date of the arrest, charge, law enforcement agency making the arrest, and the disposition of the arrest charge.

RESPONSE: Federal and I've disclosed a copy already with medical records

6. List all educational institutions you attended (including primary, middle, high, and alternative schools, as well as colleges or universities), providing the name and address of the institution, whether you received a diploma or certificate, and the general course of study (if applicable).

RESPONSE: Dunbar Elementary, Lansdowne Jr High, Lincoln Sr High, E ST Louis Sr High, Belleville Area College

7.  Identify each person whom you intend to call as an expert witness to testify in this matter. For each person you identify:

    a. State the expert's name, address, telephone number, and credentials;
    b. Summarize the substance of the expert's opinions;
    c. List all facts, documents, articles, or other materials that the expert relied upon in reaching his or her opinion;
    d. Detail all matters in which he or she has testified as an expert, either at a deposition or at trial, during the past ten (10) years (include the names of the parties involved, the party on whose behalf the expert testified, and the substance of his or her testimony in the identified matter); and
    e. Describe the expert's fee schedule.

    RESPONSE: Unable to call witnesses due to their incarceration.

8.  Identify all purchases you made relating to Trinity that are the subject of this lawsuit. For each purchase, state:

    a. Date of purchase;
    b. Amount of purchase;
    c. Items purchased; and
    d. Alleged defects in items.

    RESPONSE: I have no documentation, however St. Clair County has all that pertinent documentation

5

9. For all Requests contained within Trinity's First Requests for Admissions that you did not admit without reservation, state with specificity the reasons for the denial, partial denial, or objection.

RESPONSE: I don't recall the answers to the First Request for Admission. All copies of that material were destroyed during my transfer to USP Thomson

## REQUESTS FOR PRODUCTION

COMES NOW Trinity and demands that Plaintiff produce the following documents pursuant Fed. R. Civ. P. 34:

1. Produce any and all journals, diaries, chronologies, notes, memos, letters, correspondence, emails, text messages, instant messages, or other documents drafted by you, or anyone on your behalf, that refer to, describe, or document this lawsuit or any events that are the subject of this lawsuit, including descriptions of the incident itself or that support any of the claims made in this lawsuit against Defendant.

RESPONSE: I do not have access to any of requested documentation.

2. Please produce all expert witness documentation for every person you intend to call as an expert witness at trial, including without limitation:

    a. Reports, summaries, notations, and correspondence relative to each expert's examination, investigation, and findings;

    b. The resume or curriculum vitae of each expert that you contacted, including educational background and field of expertise;

    c. A list of publications authored by each expert within the preceding 10 years;

6

    d. A list of cases in which each expert has testified at trial or deposition in the preceding four years; and

    e. All documentation provided by you to each expert.

RESPONSE: *I don't have the ability to gather this evidence.*

3. Produce all documents on which you base your claim that you have exhausted your administrative remedies.

RESPONSE: *All my documentation was destroyed in the transfer to USP Thomson.*

4. Produce any and all documents or things that you have not previously disclosed and that you may use at the time of trial or hearing for purposes of showing Defendant's liability, for purposes of impeachment, or for purposes of supporting your claims for damages.

RESPONSE: *I have none.*

5. Produce all documents identified in your response to Defendants' Interrogatories.

RESPONSE: *I have none*

6. For all Requests contained within Trinity's First Requests for Admissions that you did not admit without reservation, provide all documents in support of your denial, partial denial, or objection.

RESPONSE: *I have no documentation.*

7

I hereby swear that the foregoing responses to Defendant's First Discovery Requests are complete responses to the best of my knowledge under penalty of perjury:

_____
Plaintiff Cortez Brown

## CERTIFICATE OF SERVICE

I, Alexander B. Chosid, hereby certifies that a copy of the foregoing document was sent by United States mail, postage pre-paid, on this **23rd day of February 2023,** to the following:

**LEGAL MAIL**
Cortez Brown, #05103-025
Marion FPC
P.O. Box 1000
Marion, IL 62959

And sent via e-mail to the following counsel of record:

Jared M. Byrne, #6302992
Kevin K. Peek, #6328823
SANDBERG PHOENIX & von GONTARD P.C.

*Attorneys for Defendant David Marcowitz, M.D.*

Thomas R. Ysursa
Thomas J. Hunter
BECKER, HOERNER & YSURSA, P.C.

*Attorneys for Defendant Richard Watson*

/s/*Alexander B. Chosid*
Alexander B. Chosid

