IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORTEZ BROWN,

    Plaintiff,

v.

RICHARD WATSON, TRINITY SERVICE
GROUP, DR. DAVID MARCOWITZ,

    Defendants.

Case No. 21-cv-138-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Cortez Brown's motion for recruitment of counsel (Doc. 147).

Although there is no constitutional or statutory right to counsel in federal civil cases, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). The Court must consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).

On April 5, 2021, the Court dismissed Brown's first motion for counsel, finding that he had not demonstrated reasonable efforts to locate counsel on his own or shown that he was effectively precluded from searching for an attorney (Doc. 37). The Court further advised Brown that if he sought counsel in the future, he needed to provide documents supporting his

efforts to locate counsel.

On November 11, 2022, the Court appointed counsel for Brown *sua sponte* because of a novel and complex legal question this case presents (Doc. 104).  The appointment was limited to briefing on the legal issue and was terminated when the Court decided that issue (Doc. 126).

In his pending motion, Brown did not heed the Court's earlier advice to provide documentation of his efforts to obtain counsel.  Additionally, based on his filings, the Court believes Brown is competent to represent himself at this stage of the case.  At the moment, a good part of this case turns on facts of which Brown likely has personal knowledge.  Brown is capable of competently responding to the pending summary judgment motions by putting his personal knowledge into affidavit form and filing it with the Court.

For these reasons, the Court **DENIES without prejudice** Brown's motion for recruitment of counsel (Doc. 147).  The Court further **ORDERS** that Brown shall have up to and including February 16, 2024, to respond to the three pending summary judgment motions (Docs. 132, 136, & 141).

**IT IS SO ORDERED.**
**DATED:  January 11, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
