In the United States
District Court

Southern District of Illinois

Cortez Brown,
 Plaintiff

V.                            Case No: 3:21-CV-00138-JPG

Richard Watson, Trinity Service
Group, and David Marcowitz,
 Defendants

---

Plaintiff Cortez Brown Memorandum Against Defendant's Motion for Summary Judgement

---

Comes Now, before this Honorable United States District Court in the Southern District of Illinois, Plaintiff Cortez Brown, by and through himself as a Pro Se litigant, seeks the Court to grant denial of the defendants' Motion for Summary Judgement in Federal Case No: 3:21-CV-00138-JPG

## Factual Background

In February 2021, the Plaintiff was a detainee in custody at St. Clair County Jail, and filed the chief complaint with the United States District Court under 42 U.S.C. §1983 against Defendants Richard Watson,

Trinity Service Group and Dr. David Marcowitze for acts of deliberate indifference and actions violating his Constitutional rights. In summary, the Plaintiff brought the following claims:

Count 3- The Eighth or Fourteenth Amendment claim against Dr. Marcowitze for exposing him to conditions of confinement that posed a substantial risk of harm caused by the Novel coronavirus, including exposure to Covid-Positive inmates, denial of Personal Protective Equipment (PPE), denial of adequate testing for the virus; and

Count 4- The Eighth or Fourteenth Amendment claim against Dr. Marcowitze for denying him adequate medical care for symptom's of Covid-19 following his development of symptoms of the virus.

### Argument for Plaintiff request

Summary judgement is proper in such if pleadings, discovery Judgements an affidavits "show that there is no genuine issue to any material fact and that the movant is entitled to judgement as a matter of law." Per the Federal Rule of Civil Procedure 56(c). A genuine issue of ~~any~~ material fact or facts exists only if "the evidence is such that a ~~[scribbled out]~~"

a reasonable jury could return a verdict for the non-moving party." In reference of: Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248 (1986). While the moving party carries the burden of proving "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which is to be believed demonstrates the absence of a genuine issue of material." In reference of: Celotex Corp v. Carett, 477 U.S. 317, 323 (1986). The moving part may meet its burden by "showing an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has successfully met its burden, the non-moving must plead specific facts to show their genuine issue. Fed. R. Civil P. 56; Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 250 (1986)

## Legal Standard

A person detained in any Federal Institution or County Jail activing as a Federal Holding Facility has unequivocal rights under the Constitution of the United States. Although an individual is incarcerated, it does not cease all rights under the Constitution or procure them from bringing suit under § 1983 for violation of such rights. The Eighth Amendment, enacted in 1791 categorically sets the standard of:

Eighth Amendment: Excessive bail shall not be required, fines imposed, nor cruel and unusual punishments inflicted: and

The Fourteenth Amendment, enacted in 1868, sets such standard of:

Section 1: All persons born of naturalization in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the priviles or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction within its jurisdiction the equal protection of the laws.

Furthermore, Article V of the Universal Declaration of Human Rights states that: "No one shall be subjected to torture or to cruel, inhumane or degrading treatment or punishment"

Dr. David Marcowitz has clearly shown deliberate indifference in his treatment of, or the lack thereof, in the case of the plaintiff as, with the widespread spread of the Covid-19 pandemic, he did not streamline treatment of individuals that have contracted the virus and quarantined

those diagnosed with such with incarcerated individuals that did not have the virus. As a medical professional, Dr Marcowitz violated his medical outh by not ensuring that those with negative tests were safe from Covid-positive individuals, thus showing deliberate indifference in the treatment and their overall livelihood. Covid-19 was a deadly worldwide pandemic and Dr. Marcowitz deliberate indifference had a widespread adverse affect on the Plaintiff and his actions caused individuals to contract the virus.

This argument in and of itself is proof of such deliberate indifference. In pandemics and medical emergencies Health Officials are the very fabric of the Institution(s) to establish Standard Operating Procedure (SOP's) and standard Operating Guidelines (SOG's) when it comes to the care and treatment of incarcerated individuals. The sole fact that a Covid-positive individual was placed in outrageously close proximity to individuals that were Covid-negative is not only inhumane but irresponsibly as contracting the virus could have proven fatal. Dr. Marcowitzs claim that he was not involved in the implementation of Countermeasures is inherently false as Health Services works directly with Executives of the Institution to establish such measures; and while Dr.Marcowitz did not have control over cell designations he bore the ethical responsibility of addressing these issues with Institutional hierarchy

Dr. Marcowitz claims that counter measures were appropriately implemented at the prison to mitigate the spread of the virus, the Doctor's deliberate indifferently played an aggretory variable in the plaintiff suffering the contraction of the virus, along with the lasting effects of it.

The Plaintiff argument under cruel and unusual punishment is the pertinent fact that the Plaintiff was forced to live in close proximity to those who were confirmed to be Covid-positive and, because of this, contracted Covid-19 and has had ever-lasting long-term issues emanating from it.

The facts of this lawsuit are simple: During the National Covid Pandemic St. Clair County, Dr. Marcowitz and Richard Watson along with Trinity Service Group, provided inadequate facilities, prevention and medical service and allowed incarcerated individuals who have been confirmed to have contracted Covid-19 to be negligently housed with those who did not have the virus; putting everyone, including the Defendant's, in perilous risk. This, along with adherent deliberate indifference, caused irreperable suffering.

Deliberate indifference is defined as:

1). Criminal law (1951) - The careful preservation of one's ignorance despite awareness of circumstances that would put a reasonable person on notice of a fact essential to a crime; 2). Criminal law - Awareness of and disregard for the risk of harm to another person's life, body, or property. 3) Torts - Conscious disregard of the harm that one's actions could do to the interest or the rights of another - Also termed reckless indifference; conscious indifference (in senses 2 and 3); Conscious avoidance *
- Citing: Black Law Dictionary. Eleventh Edition, 2019.

Additionally, all Defendants' in this suit failed to adequately provide the institutional inmates, and staff alike of proper Personal Protective Equipment (PPE) to safeguard them from the Covid-pandemic. Proper PPE had been outlined as: face masks, gloves, face shields all designed to protect one's mucus membranes and proper sanitary devices as: bleach and hand sanitizer.

The implementation of PPE and sanitary devices would have aided in the malicious spread of the virus and could have saved discomfort and death.

Simply put, the defendants failed to supplement such PPE and sanitary devices and put everyone at risk. Their failure to be prepared for such events circumvented their dutiful oaths and caused irreparable harm; a harm that affects the defendant to this day. This constitutes as Cruel and unusual punishment.

Additionally, the Plaintiff brings suit against Richard Watson, Sheriff, under 42 U.S.C. § 1983 in violation of: Count 1: Eighth or Fourteeth Amendment for instituting a policy, custom or practice of allowing e-Cigarettes at the jail;

Count 2- Eighth or Fourteeth amendment for exposing Plaintiff to conditions of confinement that posed a substantial risk of serious harm caused by the "novel" Coronavirus, exposure to Covid-19 positive inmates, denial of protective gear, and denial of adequate testing for the virus.

Count 3- Eighth or Fourteenth Amendment for subjecting Plaintiff to unconstitutional conditions of confinement including exposure to e-Cigarettes smoke, overcrowding, insects, mold.

In the state of Illinois there is a law prohibiting smoking, and the use of all smoking-related products, in a public building; that, of which, the St. Clair County Jail falls under jurisdiction of such law. Furthermore, as St. Clair County is acting as a Federal Holding Facility for the United States Department of Justice and the Federal Bureau of Prison, there is a more stringent Federal policy banning all such substances, as well. This extends to incarcerated individuals remanded to the custody of such. Allowing this to occur in the facilities puts all at risk of carcinogeous pathogens, in the case of the plaintiff: Covid-19. The CDC has not wavered that Covid-19 is passed through airborne pathogens and electronic cigarettes excrements fall that category.

Thus under a State of Emergency and Federal mandation, the defendant failed to cease the applicable allottment of devices, causing deliberate indifference in the spread of the virus;

Furthemore the defendant's failed to mandate Standard Operating Procedures (SOP's) and Standard Operating Guidelines (SOG'S) to include tell-tale measures of how to limit the exposure within the jail. Simply offering to move the Plaintiff doesn't, in and of itself, alleviate the defendant's of such malpractice because the Plaintiff was still

unnessarily exposed to the virus, in circumstances that the jail failed to address.

It's been documented in the Plaintiff's medical records of his history of hypertension, respiratory issues, along with thyroid problems. The CDC and the World Health Organization extensively covered the immediate effects of the Covid-19 pandemic. Since the onset of covid and in the past three years following, the longterm effects of those that had contracted the virus has been exhaustedly studied. The longterm effects have seen people be diagnosed with, but not limited to the following conditions,: COPD, Congestive Heart Failure, Pulminary Embolisms and Lung Cancer. Additionally, the virus had weakened many people's immune systems and put them at-risk for further health complications in the future. The Covid pandemic exposed the defendants inadequate policies for mitigating such occurrences, their treatment of such and showed their complete incompetence and deliberate indifference.

Thus, these transgressions have adversely affected the Plaintiff and he seeks relief.

## Certificate of Service

Under the penalty of perjury, I Cortez Brown, declare that my Motion against the Defendant's Summary Judgement is truly and fully correct and factual, to the best of my knowledge, and that this Motion was deposited into the United States Mail at the Federal Correctional Institution Thomson in Thomson, IL addressed to the following party or Parties:

Clerk of the Court
United States District Court
301 West Main Street
Benton, Illinois 62812

Executed on this, the 1 day of February 2024.

Respectfully Submitted,

*Cortez Brown*

Cortez Brown
Reg No: 05103-025
FCI Thomson
Thomson, IL 61285

This Honorable Court should deny all of the defendant's summary judgement(s).

Respectfully Submitted,

*Cortez Brown*

Cortez Brown
Reg No: 05103-025
FCI Thomson
P.O. BOX 1002
Thomson, IL 61285

INMATE NAME Cortez Brown
REGISTER NUMBER 05103-025
ADMINISTRATIVE UNITED STATES PENITENTIARY
P.O. BOX 1002
THOMSON, IL 61285

MAIL CLEARED US MARSHALS

CLERK
United States District Court
301 West Main Street
Benton, IL, 62812

**RECEIVED**

FEB 12 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE