IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *CORTEZ BROWN, #05103-025,* )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>*RICHARD WATSON, TRINITY SERVICE* )<br>*GROUP, and DAVID MARCOWITZ,* )<br>)<br>Defendants. ) | Case No. 3:21-cv-00138-JPG |

### **DEFENDANT DR. DAVID MARCOWITZ'S REPLY TO PLAINTIFF'S MEMORANDUM AGAINST DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant, Dr. David Marcowitz, by and through undersigned counsel, Sandberg Phoenix & von Gontard P.C., and for his Reply to Plaintiff's Memorandum Against Defendant's Motion for Summary Judgment (Doc. 149), pursuant to Fed.R.Civ.P. 56 and SDIL-LR 56.1(d), hereby states as follows:

**I.    Introduction**

Plaintiff, at all times relevant a detainee of St. Clair County Jail, filed his Complaint under 42 U.S.C. § 1983 alleging Eighth and/or Fourteenth Amendment violation claims against Defendant Marcowitz on February 9, 2021. *See* Docs. 1 & 37.  On October 30, 2023, Defendant Marcowitz filed his Motion for Summary Judgment and Memorandum of Law in Support ("Defendant's Motion") arguing, among other positions, that Plaintiff lacked sufficient evidence to show that Defendant Marcowitz violated Plaintiff's constitutional rights.  *See* Docs. 136-138.

On February 12, 2024, Plaintiff filed his Memorandum in opposition to Defendant's Motion. *See* Doc. 149.  However, Plaintiff's Memorandum is deficient and unsupported by

24943795.v1

evidence, and therefore is insufficient to defeat Defendant's Motion. Therefore, summary judgment in favor of Defendant Marcowitz is proper.

### Argument in Reply to Plaintiff's Memorandum

I. **Plaintiff did not respond to Defendant's Statement of Facts and, therefore, all of Defendant's Facts are admitted.**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, if a party fails to properly address another party's assertion of fact, the Court may consider the fact undisputed and grant summary judgment in favor of the movant. Fed.R.Civ.P. 56(c) & (e). Further, this Court's Local Rules state the following:

> Briefs in opposition to a motion for summary judgment must contain a Response to Statement of Material Facts. The response shall contain corresponding paragraphs to the Statement of Material Facts that state whether the fact is: (1) admitted; (2) disputed; (3) admitted in part and disputed in part (specifying which part is admitted and which part is disputed); or (4) not supported by the record citation. The disputed facts, or parts of facts, shall contain specific citation(s) to the record, including page number(s), upon which the opposing party relies, where available.

SDIL-LR 56.1(b). As Plaintiff failed to address any of Defendant's Statement of Facts, all of Defendant's Fact may be deemed admitted.

II. **Plaintiff's Memorandum contained no citations to the record in favor of or against any Statement of Facts.**

Should it appear that Plaintiff's Memorandum made any attempts to dispute any of Defendant's Facts, Plaintiff's lack of citations to the available record nullifies any such disputes. The Court's Local Rules apply equally to represented and *pro se* parties. SDIL-LR 56.1(j). The Court disregards any asserted fact that is not supported with a citation to the record, and will admit statements of fact for purposes of summary judgment unless specifically disputed. SDIL-LR 56.1(f) & (g). As previously argued, Plaintiff made no attempt to dispute any material fact presented by Defendant Marcowitz. Further, Plaintiff made no citations whatsoever to the

available record in Plaintiff's Memorandum. Therefore, any purported factual disputes presented by Plaintiff are not properly supported and, as a result, cannot preclude summary judgment in Defendant Marcowitz's favor.

A party seeking to avoid summary judgment may not establish a dispute of material fact with unsubstantiated assertions in its factual summary or in affidavits. *Edward E. Gillen Co. v. City of Lake Forest*, 3 F.3d 192, 196-97 (7th Cir. 1993). Plaintiff's Memorandum is essentially a restatement of his initial allegations and Complaint. Mere citations to a party's complaint will not suffice at the summary judgment stage. *Id.* (citing *McDonnell v. Cournia,* 990 F.2d 963, 967 (7th Cir. 1993). In order to establish a factual dispute, Plaintiff is obliged to identify evidence supporting his conclusory assertions, which he failed to do. *Id.*

Therefore, Defendant has met his burden of showing an absence of evidence to support Plaintiff's case. *Celotex Corp. v. Carett¸* 477 U.S. 317, 325 (1986).

**III.   Plaintiff's Claims against Defendant Marcowitz have been significantly narrowed.**

Plaintiff spends a significant amount of his Memorandum setting forth his alleged portrayal of incidents and harms against unnamed individuals, not Plaintiff himself. Plaintiff's only addressed claim on which he has standing relates to catching COVID-19 as a result of being locked in with a COVID-19 positive detainee. As argued in Defendant's Motion, Plaintiff's portrayal of the event is inaccurate as it was Plaintiff who refused to be separated from a COVID-19 positive detainee, despite attempts by Jail staff to do so. Plaintiff does not address his own statements about refusal to follow quarantine protocols. This evidence alone is dispositive of Plaintiff's claim that Defendant Marcowitz was responsible for any lack of COVID-19 quarantine protocols.

Any other claims against Defendant Marcowitz previously brought by Plaintiff are unaddressed, or simply only mentioned without citations or evidence, and can therefore be deemed abandoned.

### Conclusion

As fully set forth above and in Defendant's Memorandum of Law in Support of his Motion for Summary Judgment, Plaintiff suffered no deprivation of his constitutional rights by Defendant Marcowitz, and Plaintiff is unable to point to any evidence in the record to support his claim. Plaintiff bears the burden to demonstrate objective unreasonableness.  However, as demonstrated by Plaintiff's unsupported Memorandum, Plaintiff has not presented, and cannot present, evidence sufficient for a reasonable jury to find in his favor on any element of his claims against Dr. Marcowitz.

WHEREFORE, Defendant Dr. David Marcowitz respectfully requests that this Court grant summary judgment in his favor, and for such further relief as this Court deems just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/Kevin K. Peek
Jared M. Byrne, #6302992
Kevin K. Peek, #6328823
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
jbyrne@sandberbphoenix.com
kpeek@sandbergphoenix.com

*Attorneys for Defendant David Marcowitz, M.D.*

### Certificate of Service

I hereby certify that on the 19th day of February 2024, the foregoing was filed electronically with the Clerk of the Court and mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

**LEGAL MAIL**
Cortez Brown, #05103-025
USP Thomson
U.S. Penitentiary
P.O. Box 1002
Thomson, IL 61285
*Pro Se Plaintiff*

I further certify the foregoing was served by operation of the Court's electronic filing system upon the following:

Thomas R. Ysursa
Thomas J. Hunter
T. Adam Hoerner
Becker, Hoerner & Ysursa, P.C.
try@bhylaw.com
tjh@bhylaw.com
tah@bhylaw.com
*Attorneys for Defendant Richard Watson*

Alexander B. Chosid
TKC Holdings, Inc.
Alex.Chosid@TKCHoldings.com
*Attorneys for Defendant Trinity Services Group*

                                                  */s/Kevin K. Peek*